Case number 18-2385, Jeffrey Fried et al. v. Donna Sanders et al., arguments not to exceed 15 minutes per side. Mr. Lasser, you may proceed for the appellants. Good morning, your honors. May it please the court. The district court's first error in this case was not deciding what it was required to decide, whether it had federal question jurisdiction. So this court must decide whether the district court had federal question jurisdiction. It is commonplace jurisdiction now that state law tort claims do not belong in federal court. Of course, that's the teaching of Gunn and many decisions of this court, which use such a slim path for a state law tort claim, or it is an exceptional state law tort claim. There are four factors, of course, that Gunn set forth and each of those factors must be met in order for federal question jurisdiction to exist. For example, the case must turn on the federal point of law. It must be pivotal, central, axial. Here, of course, it is not. The plaintiffs complained of many acts by the defendants, only some of which, a few of which, were alleged to have violated federal law. So the plaintiffs could lose on any of those claims of federal law violation and still prevail. If you look at the Michigan standard civil jury instruction, Michigan standard civil jury instruction for the IIED claim, the Tort of Intentional Infliction of Emotional Distress, you can see that plaintiffs do not have to prove any federal law violation in order to meet that prima facie case under the Michigan standard civil jury instruction. What sort of relief are you asking for here? I'm asking to reverse the dismissal of the United States District Court and her order of remand to the state court on the ground that there is no federal question jurisdiction. That is the first ground for relief. The relief is dismissal. Excuse me, reversal of dismissal. Relief is reversal of the dismissal. Okay. The court dismissed it with prejudice? It dismissed it with prejudice. If it's without prejudice, that's okay with you? Sure. Absolutely. Under the gun categories, you have to look at whether the real world of federal interests are impacted. And of course they're not. Whether plaintiff keeps or drops his claims of RICO and wire fraud and mail fraud violations, there is no impact on federal interests. It will have no bearing whatsoever on federal decisions. Now what is really, I think, central is the fourth gun prong, the state court balance. This court on bank, I think it was 2015 or 2013 in the case of Jackson versus Sedgwick on bank, held that, noted I think it was Part C of the opinion, that Michigan should police its own workers' compensation system. In this case, plaintiff is alleging that the defendants did various illegal acts depriving Mr. Mark Maruza of his rights under the Michigan workers' compensation system. And the case here really revolves on the role that IIED plays in policing the workers' compensation system. There are a couple of cases in the Michigan Court of Appeals that exist. Broadus is one case. Atkinson versus Farley is another case. They're in the brief. So it is up to Michigan, should be up to Michigan, to determine the role that IIED plays in policing insurers when they allegedly do bad with regard to workers' compensation claims. That's especially so where the parameters of this tort have never been clarified by the Michigan Supreme Court. As I pointed out in the brief, although the IIED court has existed in Michigan jurisprudence, case law jurisprudence, for over 50 years, since 1966, the Michigan Supreme Court has never actually decided whether that tort formally exists, even though, somewhat oddly, it has approved a standard civil jury instruction for this tort. And as recently as 2015, Justice Markman, a very, very conservative judge in the Michigan Supreme Court, stated, quote, and this is Melson versus Broadus at 487, 497 Michigan 1037, 2015, quote, in the dissenting opinion, in my view, the instant case underscores the present need for this court to clearly and precisely address this tort, that's the IIED tort, and if it is to be preserved, as I believe it ought to be, to carefully define its scope and limits through the exercise of our common law authority. Well, you tried to get it remanded in the district court, right? I did. And it turned you down? Well, the district court did not, indeed, the district motion to strip the complaint of federal law violation allegations. But before reaching that point, the court should have decided, do we have, do I have, federal question jurisdiction? It simply assumed that it had federal question jurisdiction and charged ahead and dismissed the complaint. I guess the biggest problem is that your office put in some stuff about federal statutes of wire fraud and mail fraud and that kind of made it look like a federal jurisdiction case, right? There wasn't any diversity among the parties, was there? There was no diversity. But as the Gunn case states, and this court has stated in many cases, the inclusion, the embedding of allegations of federal law violations doesn't confer federal court jurisdiction. It doesn't. You've got to look at the four prongs of Gunn. You've got to meet all of the four prongs of Gunn. And defendant, well, first of all, the district court didn't decide prong one, two, three, or four. It didn't address the issue. And this court's obligation upon review is to address the issue and I respectfully submit it should hold that it did not, that the, that not one of the four Gunn prongs haven't met and therefore there is no federal question jurisdiction. We shouldn't flood the courts. I mean, this court has stated we don't want federal jurisdiction blown wide, blown wide like a hand grenade exploding and blowing wide federal jurisdiction any time there is a state law tort claim alleging a violation of federal law. That would dramatically, exceptionally, hugely expand federal jurisdiction any time there is a state tort claim alleging a violation of a federal law, federal regulation, a federal policy. This court has addressed that many times and said, you know, the simple inclusion is not decisive. You've got to look at each of the four Gunn prongs. You look at that second prong, actually dispute it. What are your, what's your position on the actual disputed prong at this point? Well, I, my position is that the defendant has not met, that this case does not meet even one of the four prongs actually disputed. Certainly it's not, you know, it's not central. It's not actually disputed. It's not dispositive. It's going to upset the federal court balance. So yes, they haven't met that prong also. I mean, affirmance of this decision would help lead to a widening, a drastic widening of removal of cases. This is a precedent. There will be widening of removal of cases any time there is any allegation of federal law, federal regulation alleged by the plaintiff. Lots of those cases. Lots of those cases. So following this court's ample precedent and Gunn, this case should be dismissed without prejudice. This is absolutely fine and remanded to state court. Thank you. Thank you, Mr. Lassner. Mr. Huffman. Good morning. May it please the court, Christian Huffman on behalf of Defendants Accident Fund Insurance and Donald Graham Sanders. I view the res judicata issue in this case as dispositive of all issues including the jurisdictional issues. The reason being it's undisputed that the plaintiff brought a prior action in 2015 where he was directly claiming that he had a private cause of action under RICO based upon the same conduct he's It's undisputed that if the plaintiff had brought the claims he's trying to bring now in that prior action, the district court would have had jurisdiction over them. And what he's trying to claim is, well, RICO may not create a private cause of action, but it provides the basis for a state law cause of action. The district court necessarily would have had jurisdiction over that. But all this ought to really go to state court, right? No, your res judicata. Well, don't they have any cause of action left over once you got the RICO dismissed? I don't believe so, because one, as we pointed out, the statute of limitations had passed. The second is I believe this court's decision in Brown v. Kassens shows that they do not have a prima facie case for intentional infliction of emotional distress absent the RICO claims. That is expressly why plaintiffs added them. They said in their motion to amend the complaint that they added them to make them stronger because they would have a difficulty establishing a prima facie intentional infliction of emotional distress case without them. And in fact, if you look at the Brown, this court's decision in Brown, plaintiffs allege the exact same conduct as is alleged in this case. Well, now, you don't dispute that the district court was correct in remanding part of this back to the state court, do you? Yes, because those claims, first off, did not implicate federal law at all. And second, they had not been resolved. They did not arise out of the same transaction or occurrence, so they had not been resolved in the prior action. So you agree with that? That's what you're saying? Yes. Okay. You just want this other part to be dismissed with prejudice because of the statute limitations or res judicata or both or what? Well, all three. Okay. The res judicata primarily warrants dismissal, but it also implicates federal law because it's saying the court it should have been brought before Judge Tarnow when they brought the prior case. Judge Tarnow has jurisdiction to determine the scope of and to enforce his prior orders. All he did in this case is say, you should have brought this claim because it's based on the same conduct when you brought the other claims. You should have brought the alternative claim there that if RICO doesn't provide a private cause of action, it provides a basis for a tort cause of action. You should have brought them together and let me decide them all at once rather than me issue my decision. Then you go to a state court and try to do an end run around my decision and get relief based on essentially the same claim. Well, do you think that the district court had jurisdiction on this intentional infliction of emotional distress? Is that what the claim was? Yes. But you say that the district court had jurisdiction on it. If he had, plaintiff is wanting to separate his IED claim and look at it in isolation. It cannot be because it necessarily arises out of the same transaction, same operative set of facts as his prior action. Had he brought that claim when he brought the prior action, the district court would have had jurisdiction. So I believe the court has jurisdiction to prior order and say you should have brought that claim then. I think your opposing counsel said he was desirous of stripping the federal allegations out of the complaint and getting rid of those allegations. You're not opposed to him doing that, are you? Yes, I am. And of avoiding federal jurisdiction. And the case law says... What's wrong with that? I think it's disrespectful to the federal judicial system for them to decide a case and then the plaintiff run to state court and based on the exact same conduct, recast as a state law claim and obtain relief. And this court has recognized that in the case Silcox v. United Trucking 687 F2D 848. It says that Res Judicata applies where the prior judgment was rendered in federal court and the subsequent proceeding brought in a state court. Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit in the state court. 1982 decision, I believe Judge Tyler issued the original opinion before he was on this court. Do you have any other reasons? Yes. If you take away the federal claims, his claim for IED necessarily... Amendment would be futile. Because if you take away the federal claims, the actions that he's alleging are the exact same actions that were alleged by the plaintiffs in this court's Brown decision. And this court said it's not a prima facie case for IED. It would also be futile because the IED claim is barred by the statute of limitations. Well, isn't there an issue as to whether the federal claims are appropriately in the lawsuit in any event? Especially since the Michigan Supreme Court has not really fully decided, as your opposing counsel said, the parameters of some of these IED claims. We'd be asking the federal court to wade into addressing and deciding the dimensions of some of these state court tort claims. Well, this court has already done that in Brown v. Kassens. They've already said if the tort... What the Michigan Supreme Court has said is, we haven't decided whether we're going to formally recognize this tort. But if it does exist, here's the elements. And in Brown, the plaintiffs brought suit in federal court, alleged the exact same conduct. It came to this court, this court said that conduct cannot, does not create a prima facie case of intentional infliction of emotional distress under Michigan law. So this court has already spoken on that issue. What are the remaining state claims that are going to be resolved in the state court? They've already been dismissed by the state court. That was the claim under the Uniform Trade Practices Act, and he was seeking enforcement of the workers' compensation magistrate's decision. Those were remanded to the Wayne County Circuit Court. We moved for summary disposition there, and it was granted. If you've got such a good case, you would expect the state court to dismiss the case anyway if this was reversed and say that it should be just dismissed without prejudice, right? I think it would, but I think that undercuts the very purpose of the doctrine of claim preclusion, which is to prevent repetitive litigation, to give deference to one court that issues the decision rather than have it undermined by running to another court. The court has no further questions. I actually have nothing further. I believe the jurisdictional issue is dispositive, and I believe Judge Tarnow was correct in that it is barred by On that basis, there really is no need to get to the gun factors. Even if the court did, I believe that they're all necessarily met here. Really what it looks to is, is there a substantial question of federal law? And there is a substantial question of federal law. Whether Judge Tarnow's ruling in the other case is dispositive of this case based on res judicata, whether it's actually disputed. There's no doubt that the parties dispute whether res judicata applies. The importance of it goes beyond the parties itself. It goes to the respect for the court, the very basis for res judicata. And deciding the claim on that basis does not disrupt the federal state balance. Thank you. Okay, thank you Mr. Huffman. The fact remains that before the court could even address the I respectfully submit that before the court could even address the res judicata issue, it has to decide whether the district court had federal question jurisdiction. And it simply did not. The district court should have remanded the case, dismissed it without prejudice. It would have been then refiled in the state court. The state court defendant can raise all of its arguments. It can raise its res judicata argument in state court. The state court can apply the law just as respectfully, just as well as this court. The state court could decide then whether there was res judicata. But there couldn't be res judicata. The district court said that the plaintiff did not have a tort claim. Well, if he didn't have a tort claim, how could he bring it earlier? The district court said you don't have a tort claim. There is no IED claim. You don't have it. Well, then how could you bring it earlier if you don't have it? And that's one of the arguments set in my brief. And the, once again, Michigan Supreme Court has not decided the parameters of this tort, notwithstanding what brother counsel has stated. What I read to you from Nelson v. Botas, very recent, 2015, the Michigan Supreme Court has not decided the parameters of the IIED tort, intentional infliction of emotional distress. So this court should dismiss this without prejudice. It will be refiled. And then the state court system will do what it ought to do. Decide what IIED in Michigan means and what role, if any, it has in policing the workers' compensation system. Thank you. Okay. Thank you, Mr. Lassiter. And you, again, Mr. Huffman, we appreciate your arguments this morning. The case will be submitted. And you may call the next case.